You okay with that? It's a sign of the interest in the argument, Your Honors. This is Wells Fargo versus Asterbadi, and you're Mr. Lamb. Yes, Your Honor. Good morning, Your Honors. This is David Lamb representing Dr. Asterbadi, and thank you very much for allowing me the opportunity to argue this case before this court. This is the first time I've been in front of this court in a very, very, very long time. This case is a very interesting case from a standpoint. It started in 1993 with a judgment entered by Judge Chikaris in the Eastern District of Virginia. Because Dr. Asterbadi was a guarantor on a purchase of an airplane, Judge Chikaris entered a default judgment, which you'll see in the record, where I think $1.8 million plus legal fees plus interest. And the interesting thing in the judgment, that nowadays it's almost ridiculous, is that 1.5% per month interest rate on a judgment started in 1993. You will see that that judgment from 1993 was reported in the United States District Court for the District of Maryland in 2003. Parenthetically, it was also recorded in Fairfax County, Montgomery County, Prince George's County, District of Columbia three times, and in New Jersey. But what we're dealing with here is that judgment being recorded, registered. I shouldn't call it recorded. Registered in Maryland in the Federal District Court. And the question before this court is very clear, and it's very not simple to answer, is when and what law do you, when does a statute of limitations start on a registered judgment? Whose law do you look to? In this case, you will see from the record that I asked the court to send this matter to the Maryland Court of Appeals so that the Maryland Court of Appeals could decide how they would wish to have their statute of limitations applied to a registered judgment in the state of Maryland. This is a question of federal law, and your brief cited a lot of state law and interstate. You know, when you get a judgment in a state court, you used to have to sue on that judgment in another court, and a lot of the states had different standards, and then they came out with the model rule. But the federal law has its own rules. And the federal law is we have a district court judgment in Virginia, and it's recorded in the District of Maryland. And it says a judgment so registered shall have the same effect as a judgment of the district court where registered and may be enforced in a like manner. Then if you go, that's 1963. Yes, Your Honor. And then if you go to 1962, it says every judgment rendered by a district court shall be a lien on the property located in the state in the same manner to the same extent and under the same conditions as a judgment of the court of general jurisdiction of such state and shall cease to be a lien in the same manner in time. Yes, Your Honor. So basically the two steps are the district judgment of Virginia is registered in Maryland, in which case it now has the same characteristics as a judgment entered in the district court of Maryland. That's what 62 says. Three. And then 62 says a judgment registered in Maryland shall have the same as a judgment in the state court as to all respects including time. Now, I don't understand why that's so complex. I didn't say it was complex, Your Honor. But the courts that have considered this look to the statute of limitations of the state where it forms state. They look to that state. No, but that isn't what the statute. I just read you the statute. When it's recorded in Maryland, it will have the same effect as a district court judgment in Maryland. A district court judgment entered in Maryland has the same effect as a state court judgment in Maryland including all the mechanics and the time and the operation. And it couldn't be any clearer. But, Your Honor, I still submit and argue to the court that even going back and looking at Home Court, going back to Go Publishing, going back to the very beginning case, BAM, each of those look to the state law. They were dealing with it. They look to the state law because the federal law says so in 62. You didn't cite 1962. I did not, Your Honor. And 1962 says exactly what we have to do here. It says you look to the state law of the state where it's entered, registered. Registered. No, entered. This is now under 62. And it says it shall be a lien in the same manner and time as a state court judgment. And in Maryland, of course, that's 12 years plus another 12 renewable. Your Honor, but the state of rendering in this was Virginia, which was the 20-year statute. That's irrelevant. 63 makes it irrelevant. Once it's registered, I agree with the court. The question then is what statute of limitations of Maryland would apply because there is no federal statute of limitations on judgments. So you look to the state of Maryland, 12 years. You look to the state legislature and what the state said, the application of the statute of limitations, and it clearly says that when you look at the filing of a foreign judgment in Maryland. You're not filing a foreign judgment in Maryland. You're filing. It's a district court judgment in Maryland, and that's governed by federal law. And federal law says to treat that as a local judgment in Maryland. Shouldn't then. You just keep taking us off these tangents as if we have two states competing. What we have is two federal district courts. But you have the same statute of limitations. In fact, you should be governing the judgment by the statute of limitations of the state form state, which is Maryland. Only because the federal law says so. And there is no. Federal law could have had its own jurisdiction, but 62 says a judgment entered in the district court in Maryland shall have the same attributes as a judgment in the state. And that doesn't mean a foreign judgment. It means a judgment in the state. So the question then becomes when does a statute. Is it a new judgment? I know, Your Honor, in the Wiener case, when you decided against it on the district court, talking about is it a new judgment or is it merely the registration of an existing judgment? That's the question. This is not a new judgment. This is the registration of another judgment. What's it mean when it says a judgment so registered shall have the same effect, same effect, as a judgment of the district court if the district were registered? I am saying. And may be enforced in like manner. So it's going to be the same as a judgment entered in Maryland. I am saying to the court, you have the same rights under the judgment for enforcement. It is a registration. If it was something else intended to be something else other than strictly a registration statute, the legislature, the Congress would have decided and put it in there. If they wanted a statute of limitations, they would have put it in the statute. The statute itself doesn't prescribe statutes of limitation. It talks about giving effect to it, giving the ability of a judgment creditor to collect without going through judgment on a judgment. Judgment on a judgment under the common law, the plenary action, has never been eliminated in the state of Maryland or most any other state. It's all irrelevant. All irrelevant. That's governed by the interstate acts. That's a uniform. Yes, sir. And traditionally under common law, you had to sue on the judgment. You took an Ohio judgment, you brought it to Maryland, and filed another action in Maryland on the Ohio and asked for full faith and credit. Yes, Your Honor. And then you got the benefit of a new judgment. Except that's irrelevant. All that law. Your Honor is saying 1962. 62 and 63. I don't, again, I do not read it the way you read it in 63. I'm just reading the words. I don't understand. A judgment so registered shall have the same effect as a judgment entered in the district court. For purposes of being able to enforce it through execution, being a lien on property. That's all they're trying to do. And even in home court, they indicated that if it was registered in different districts in the same state, it might have a different effect. The question is whose statute of limitations should apply. It is the registering state, the form state. Regardless of whether it's a federal judgment, a state judgment, it's still you look to the state to protect its citizens, its statute of limitations. Because the federal government doesn't have one. And what is your best case for that proposition? Well, the best case for the proposition is all of the cases seem to apply state law. If you go through, the question is the effective date. If you take, like, Kellam, that was a question of the statute of limitations applicable to a federal judgment, whether if the state judgment, if the state rendering statute of limitations ran, and the form state statute of limitations had not run, which state statute of limitations would control? And it gets into a question, first of all, in order to register a federal judgment. I don't think you answered my question. So what is the best case for your view of the interpretation of that statute? The best case to say that from 1962 or the best case to say state law applies? Well, for your position that no matter what happens with respect to registration, you still apply the statute of limitations. But you go right to the case that's cited all the time, Home Court. That was a Louisiana statute. Home Court is, and I think Home Court started off on the wrong premise. It looked to go publishing, which was a registration of a case where the statute of limitations, the court found was the California statute of limitations, which clearly said, the statute said that the statute of limitations on a registered judgment starts from the date of registration. We don't have that here. Because Congress has spoken. I mean, you keep going to the state laws, and they have a different background. They have different problems. There are sovereignties that engage with each other, and they can determine what a foreign judgment does in the local state. But here we have a federal system, and the federal law says that when you register a federal judgment from another district into the Maryland district, that it operates the same as a judgment entered in the Maryland district. And then you look at 62, and a judgment entered in the district is governed by the law of the state with respect to its enforcement and time. But still, Your Honor, again, I hear you, Your Honor, and you're very specific in 1962 in what it said. I'm saying in all the cases in the state cases, I mean, I looked at those, and you kept citing the problems where states, different state statutes compete. Don't correct me if I'm wrong, and the question is whether. Again, it's a registration statute. It's for enforcement purposes only. It is not to give new life and new blood to a judgment. It is to permit the judgment creditor to do and execute under the laws of the state or under federal law to execute on assets. It becomes a lien on a real property in the district where it is filed. It's a collection statute. Well, it doesn't exactly, I mean, it doesn't give new life to a claim that is otherwise stale. As I understand the application, it does not give new life to a claim that is otherwise stale because as I understand the application of this statute from our sister circuits, if the statute of limitations is run in the rendering state, then you can't use this statute to breathe new life into the judgment. Is that right? Once it's run in the rendering state, it's done. Right. So in that sense, that concern really is an obvious one. Which would be, in this case, that means that the statute of limitations in Virginia has run. Does it, now what do you, they never went back to renew it? No, but they registered within 20 years. Right. They had, well, they, yes, your honor. The question is whether they had to go back and renew it. It had never been renewed. Does registration start the statute all over again? That's the question. Does it breathe new life into the judgment? Or does the requirement you have to go back to the rendering state, revive the judgment in the rendering state? Because Virginia has a very specific method of reviving it. It has discretion in the court. You have to move to revive it in Virginia. And the court can refuse to revive it. You have to show good cause why it should not be extended. Maryland doesn't have that. Maryland has a simple notice of registration, and that's it. Notice of extension, renewal, and that's it. Virginia has very particular statutes. This, what your honor is saying, a person with a judgment could run around the country and pick whichever jurisdiction is most favorable to the judgment creditor. When they took the judgment of Virginia, the judgment of Virginia was viable. They registered in Maryland timely, both in Virginia and Maryland. Yes, sir. And at the time. Yes, sir. Section 1963 says the judgment now has the same effect as the judgment entered in Maryland for all effects, including enforcement. It adds an enforcement. And the question is when you have what is a district judgment in Maryland? What is the controlling law for it? And the statute 62 says you look at Maryland state law. Well, I hear you, Your Honor, and I think I'm swimming up hill. I'd like you to tell me why the statute. We shouldn't read it the way it's written. I do not read it the way, Your Honor. How do you read it? Give me an interpretation. The interpretation is, again, we're dealing with. Take the language and tell me what it means differently than what I've said. I have the statute right in front of me here. But, Your Honor, I do not have the statute in front of me. I can't parse it with Your Honor because I do not have the specific statute. You say I read it differently than you read it. Well, Your Honor is very capable of reading English language. You've interpreted it a lot. I'm not arguing with the court's ability to do that. What I'm saying is even taking 62 and 63 together, it's a registration statute. It is not intended to create new rights, to give the creditor more rights than he had before. It is a registration in order to effect enforcement. Your Honor said it does create. When you register it, it makes that registered judgment to have the same effect. Which means it is a lien. Well, it didn't say that. It said same effect as a judgment of the district court in the district where registered. Same effect as a judgment. It equalizes the register. There's no diminution because it's registered. It makes it have the same effect as a judgment. Which means, Your Honor, that it becomes a lien on the property and the creditor. Maybe. Whatever else judgments do. I mean, it has the same effect, unlimited, whatever effect that is. Whatever the effect. But it doesn't say that the statute of limitations begins to run from the date of registration. There's no reference. No, it doesn't say that there because when you have the same judgment, then you go to 62 and say what do judgments entered in the district of Maryland have. This is a registered judgment. This is now elevated to the same as a judgment entered. Your Honor, if we go to this again. I know, Your Honor, it's a federal question. I've read it as more application of state law as opposed to the federal. I did not view the 1962 trumped the Maryland law because this is a judgment. The judgment incorporates the Maryland law. If it does, Your Honor, then you should look to the statute of limitations of Maryland. It's 12 years plus 12 years. From when? It's the judgment entered in the district court has the same effect as a judgment entered in the district court. The registration is elevated to a judgment. And that's a federal law question. And the statute does not say. And it shall have the same statute of limitations. It doesn't refer to it. I understand. Once you enter a judgment, you can tell me what all the effects are. We're parsing words over rendering and registration. No question. And you go to, again, I use state law as analogous. It goes through whether it's in Louisiana where the home courts take. They talk about rendering the judgment. Not about registering the judgment. It's rendering. It is the original court what they did. They rendered it on the facts. And there are what the rights you have as a judgment debtor to attack that judgment. So the question is, I do not read it the same way as you do, which puts me in anticipation. Because Your Honor is going to be deciding this. I'm saying to the court, you have the power. I have the ability to argue with you what should be. I'm willing to listen to any argument. I just haven't heard anything to say that changes the statute's language, which says a registered judgment shall have the same effect as a judgment of the district court where registered. I read effect as whether it creates a lien, whether it gives rights to the creditor to do things. It's just like, and I know you don't want to hear this. It's just like uniform statute, which is a registration statute. It's not intended to be. Why would they not have eliminated the common law plenary action of judgment on judgment? Why wouldn't they have referred to it saying, we're abolishing that. We don't have to do that anymore. All it is, in all the case law, you look through the ones that I've cited, you look through the historical nature of 1963, I understand, not 1962. You look through 1963, and the purpose was to streamline collection, to not force a judgment holder to go through filing. Just to take you up on your state law issue, I did practice law for a while, and I did file suits on judgments from other states, not record them under the model statute. This goes back a while. Filed actual lawsuits in the Baltimore City Court. This is pre-uniform? Either pre, because there's probably an option for doing both. And there's two good reasons for that. Just a minute. I'm sorry. I filed suits on the judgment from another state, and get a judgment issued by the Baltimore City Court. That is a judgment enforceable as any other judgment in Maryland. Yes, sir. Precisely what I'm saying, because what the benefit you got there was, you got a new statute of limitations on a new judgment. I didn't get limitations, I got a new judgment. Which means the statute of limitations runs anew on the new judgment, which is you go through the analogy of the new judgment language in the cases, whether it's home court, whether you go back to Stanford, whether it's a new judgment. I submit that the Stanford is bad law when it started, because you go to the following cases, which was bill published, and California had a specific statute when they were applying that law. Okay. I think we'll give your colleague a chance, and you'll come back up. If we seem to be ahead of the game. Thank you. Mr. Lattis. Thank you, Your Honor. Good morning, Your Honors. My name is Stephen Lattis. I represent Wells Fargo of the finance. And I just have to ask myself, as I take the lectern this morning, if it isn't just better to sit down and shut up. Well, you didn't cite section 1962 either. We did not, but the court correctly identified it. What I was prepared to come up and discuss with Your Honor this morning, with the panel this morning, is how do we look at whether Wells Fargo or CIT complied with the registration statute and has a valid and enforceable judgment registered in the District of Maryland. And the case law, as well as the statutes, including 1962, which addresses the issue that Mr. Lamb was arguing earlier, say that we have to do two things. Number one, we have to take a judgment from a district court. In this case, it was the U.S. District Court for the Eastern District of Virginia in Alexandria, which was live at the time, meaning within the limitations of that state, which at one point was 10, then became 20 years, right around the time that the registration occurred. We're under the 20-year statute. And also is live under the statute of the registration state, under the statute of limitations for the registration state, which in Maryland was 12 years and still is 12 years. The original judgment in this case was in October of 1993. It was registered in the U.S. District Court in the Eastern District of Virginia. It was registered in Maryland in 2003, which obviously is within 12 years and within 20 years. So we have a live judgment being registered in Maryland, and at that point we then look to the Maryland law for determination. It's not registered in Maryland. It registered in the federal court. Yes. And the federal court says that registered judgment shall have the same effect as a judgment. So there's no further question now. It's the same effect as a judgment entered in Maryland in the district court. Yes, sir. I was inartful and perhaps a little bit inaccurate. Well, in view of the arguments we made, it's pretty important. It's key. It really is. I should say District of Maryland instead of simply Maryland. In view of all that argument, why didn't you all file the assignment in the district court? Because CIT in 2007, there was enforcement action. I can give a little bit of history on this, because I've been involved in this case since 1993. Dr. Esterfady and I, I think, are the only two that are there from the beginning. There was enforcement action in the early 2000s, 2003, 2004, that led to a substantial recovery in New Jersey. One of the judgments that Mr. Lamb referred to earlier, there was a house that was sold or an interest in a house that was sold, and CIT received a partial distribution, a partial recovery on the judgment there. For whatever reason, CIT decided not to pursue additional activity immediately, and it went dormant for a while. And in the interim, while we're still within statute, still within our rights, not having selected any rights, still within statute of limitations for the judgment, CIT sold its portfolio to Wells Fargo, and that was in 2007. At the time, there wasn't much attention being paid to this. Secured creditors, or rather judgment lien creditors, often will let time go by, and if the judgment debtor attempts to refinance or sell the house or where a lien may be, then they may stand to get the proceeds. Sometime around in early 2015, Wells Fargo, while reviewing its records, determined that it, for whatever reason, wanted to resume collection activity on this judgment and contacted me to do that. When doing the due diligence into how it was that Wells Fargo got the judgment, we learned that it was through the assignment and assumption agreement, and so we filed a notice of assignment in order to reflect in the record that Wells Fargo actually held or owned the judgment at that point as the successor in interest to CIT by purchase of the portfolio that included the loan to Washington Capital Aviation which is a new leasing company that Dr. Astropody owned that didn't pay back a loan for a jet aircraft, and there was a deficiency, and that's how the judgment came about. So we filed that because Wells Fargo is the real party in interest, and put that in the U.S. District Court in the District of Maryland. We also reported that and filed that in Montgomery County, Prince George's County, and the District of Columbia.  But the whole point of collection activity is to locate assets and to get information about assets, and that's what Wells Fargo was beginning to do in 2015 to find out if Dr. Astropody had accumulated any other assets that would be subject to satisfaction or partial satisfaction of the judgment. That's, I think, the answer to Your Honor's, the long answer to Your Honor's question about why we filed it there. It was filed immediately prior to the commencement, I believe, of the enforcement. Given the registration statute and sort of the ease with which a judgment can be registered and then the relevant statute, not extended, but the statute in the registering state applied, why would anyone file a judgment on a judgment claim? It doesn't seem to have any usefulness anymore. I don't think that it does have any usefulness anymore, especially not on the federal scheme. So, but is it clear that Congress intended that result? I believe so. When you look at the language of 1963, Section 1963, I've been referring to it as if it were on a first-name basis. If you look at the language of Section 1963, the decisional authority that followed, beginning with the 1965 case that Judge Blackman, later Justice Blackman, penned in the Stanford v. Upley matter, they talked, the court talked about the, I think it was the second provision, if I can look at the actual statute here, it might be helpful. Justice Blackman says that a judgment, or rather the statute says, a judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner. And Judge Blackman observed, we have concluded that Section 1963 is more than ministerial and is more than a mere procedural device for collection of a foreign judgment. We feel that registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration court. In other words, for the present fact situation, which also applies here, for, and for enforcement purposes, the Missouri federal registration equated with a new Missouri federal judgment on the original Mississippi federal judgment. That is, it is no different than a judgment timely obtained by an action in a Missouri federal court on that Mississippi judgment. So I think that the judgment on judgment remedy is the reason for, I guess the evolution of law as a Maryland Uniform Law Commissioner. I look at the Uniform Enforcement of Foreign Judgments Act, and the idea there is to streamline things for all of the states in areas where federal law doesn't apply. What Congress did was something similar with Sections 1962 and 1963. Why should the parties have to go to the expense of filing another lawsuit, service a process, answer, you know, complaint and answer, discovery or whatever it takes to obtain the judgment on judgment when all of the original underlying disputes had already been resolved by the original court, the referring court. I'm using the wrong term, but in our case, the Virginia court. And we simply have a piece of paper on which the creditor can rely to enforce its claim. And by streamlining it, what Congress did was make it easier for parties to enforce their rights without having to go to court twice. Mr. Lamb seems to suggest that interpreting the statute as you would have it somehow games the system and allows savvy creditors to abuse their collection abilities. But it seems to me there are two limitations on that ability. And the first one is you have to have a live judgment, right, before you can register it. And the second one, I think he said something about creditors canvassing all of the relevant states and looking for the most favorable option with respect to enforcement. But, of course, you have to have something to collect on in the relevant state or else it would be an academic exercise to file the judgment in a state where there are no assets. Is that right? That's correct. It may surprise a number of people to come to grips with the fact that judgment creditors, secured creditors, parties with claims aren't in this for sport. They're not looking for new and novel ways to game the system. My client is looking for assets. It located assets in Maryland. It didn't locate assets in Madison, Wisconsin, or Los Angeles, California, and didn't have to. They registered this judgment. They recorded the state court judgments in the counties as a belt and suspenders approach, I suppose, because they found assets and they wanted to collect on those assets. Because we satisfied both prongs on the registration side, that the originating court and the registering court statute of limitations were still live at the time, we were able to register judgment in Maryland. I almost said here, but of course we're in Virginia. Registered the judgment in the U.S. District Court for the District of Maryland and pursue it that way. It makes no sense. It's inefficient for creditors to run around the country trying to find the best place to register a judgment in order to game the system. If we were talking about a fact pattern in which the originating states statute of limitations had expired, we might then be looking at that here, what Your Honor points out here. But that's not the case. We have a live originating state judgment and a live judgment under Maryland statute of limitations, and that's all we have to do. That's all the distance we need to look for our answer. This may sound rather ignorant, but consider this hypothetical. You're in the situation you're in. You've got the Maryland statute now 12 years and then you renew it for 12 years, right? Yes. Okay. What if at the end of the second 12-year period you discover an asset, a vassal body in Virginia? What can you do then, if anything? There is no bar on subsequent registrations in different jurisdictions. I believe that based on sections 1962 and 1963 in the Stanford, Marks, and the Home Court cases, since the circuit hasn't yet ruled on the issue, Wells Fargo would be entitled to take the Maryland judgment, the Maryland District Court judgment, and register it back in Virginia. That would be a law school question. It would be a law school question. I mean, you come back 23 years after the judgment and go back to Virginia, and the judgment originated in Virginia and had a 20-year life, so you go to Maryland to rejuvenate it up to 23 years and go back to Virginia. You could. It gets dicier. It gets dicier. Essentially, it never ends. As long as you can find an asset that makes business sense for you to go and to collect on, you can just keep going all over the country, item for item. At some point, we'd be dealing with the state issues because we are dealing with a natural person here, and Dr. Astrobody was a few years older than I. The debtor has to die for this to end. To escape the credit. Or, you know, here's a novel idea. The debtor could pay the judge. That sounds good. And that's what I would suggest. Or you could enforce it sooner. Yeah, well, it's. I mean, I heard you say we didn't sit on our rights, but candidly, your clients waited a long time. That's okay, but the statute is there for that purpose, and as I pointed out, sometimes judgment lead creditors. So the document latches never comes into this under 19. I've never seen a case in which judgment enforcement was prevented by latches. I mean, once the statute, because you filed in federal court under 1962 and 63, you don't have to worry about that ever because. As a matter of law, you're entitled to enforce according to how long the judgment remains alive by the foreign state, the registering state, under Maryland statute for 12 years. So, yes, subsequent registrations are not prohibited. I am unaware of any cases where the subsequent, subsequent, subsequent, the sort of chain that your Honor is asking me about has occurred. It hasn't occurred here. So that's not something this court needs to address. All we need to look at here is whether the sections 1962 and 1963 are met. They are. And that, I believe, is the end of the analysis. Is that it? I have nothing further. The court has nothing further for me. All right, Mr. Leites. Mr. Lamb. Thank you. Mr. Maynard Hill, Your Honor. Well, you may not be if you come up with a great argument. Oh, the way he's shifted. Your Honor, while you were enlisting the argument, Mr. Leites, we've ignored one very important part of this case, is also the assignment provisions. That's an argument. I do not mean to let that go. That is very important. That clearly is Maryland law, I believe, in whether the assignment is valid. Of course, the assignment statute in Maryland doesn't go to whether there was an assignment. It doesn't render the assignment unenforced. No. What it does, it allows the person, the assignee, to sue and enforce it in his own name. But there's a very specific procedure. It says you may enforce it in your own name. Yeah, you file the assignment. But that doesn't go to standard. It doesn't void the… If they didn't do that, they could have come in and said, City Court by Wells Fargo, it's assigned. It's interesting in this case, Your Honor, that you'll see from the record, this case started as City. City's financial. It's not the bank city. It's City Financial, which is a… I understand. They had the judgment at 93, and they had the judgment through 2003, and there was an assignment in 2007, which didn't surface until 2015. I understand. But my point, and it's not… It doesn't go to the… The assignment, the fact it occurred, gives them a right to bring suit. The question is, under the Maryland rule, or it's a statute, I think, it says, if you want to enforce it in your own name, you have to file the assignment. The reason I bring that, I know it's a very small procedural thing. The renewal in Maryland was filed by City when they, A, were either not the owner of the judgment, or if it was filed by Wells Fargo, there was no proof of assignment. You say City, I think you mean CIT? CIT. CIT assigned it in 07. They filed, if you go back and look, I believe the docket is the notice of assignment was filed by Wells Fargo. If the assignment was not valid from a standing standpoint, they had no right to file it. If you go back and look at the docket, who was the filing entity? No one had notice of the assignment until 2015, when it was done in 2007. That's assignment. All those notices of assignment were filed in D.C., Montgomery County, Prince George's County, and the District Court of Maryland, what, eight years after it physically happened? And what's the problem with that? The problem would be, did they have, who had standing to do anything? Who was the proper party? The SNA clearly has standing. The SNA clearly has standing. Even though they hadn't complied with the statute? The statute in Maryland. Right. I'm not talking about the other states. The statute in Maryland is there only to provide Wells Fargo the opportunity to sue in its own name. And it required them. Because there is, of course, a disconnect. Somebody being served by Wells Fargo, and they say, hold it, my debtor was CIT. And it required a filing of the assignment. It requires filing the assignment. It didn't get done. They filed a notice of assignment. They never filed the assignment. I thought they filed it in Montgomery County. They filed a notice of assignment. In Montgomery County, they filed the original, didn't they? Yeah. Not when it was originally, not until after the fact. In 2015, they filed it. They filed a notice of assignment. They filed an assignment. I think the only place the assignment got filed was in the Superior Court of the District of Columbia. The physical assignment. That's what the judge brings up. The physical assignment itself. Going to the argument here, 1962 and 1963. In the Kellam decision, which was in 1995, 1975, dealt with federal judgment. That court found that it was not a new judgment. So the question is, Your Honor, Judge Newmark, your position is 1962 trumps everything. It says that as of the registration. It's a two-step process. Section 1963 elevates a registered judgment to the same status as any judgment of the district court. Yes, Your Honor. So it elevates it there. And then 1962 tells you what a judgment of the district court, its effect. Yes, Your Honor. So it has the same effect. But I'm saying to the court, this is, again, the question is what statute of limitations applies and when. And I've made a point. I'm not going to belabor the point. And I submit whether it's Kellam, whether it's the decision, the review of the law in a district court case in U.S. In Huffman v. Baumgart, Judge Tarnow, this is the one out of Michigan Eastern District, Northern District, dealing with review of the statute of limitations in 1963. And from that, it wasn't, he concluded it was not a new judgment. Which if you conclude it's a new judgment, I can see what the statute of limitations would affect. But if it's not a new judgment, the statute of limitations should not apply. That's my point, Your Honor. In your brief, you say that they filed an actual assignment in Montgomery County and Prince George's County on page 30. Did it say, again, did I give the date of that, Your Honor? Yes, June 22, 2015. Yes, Your Honor. All right. I retract it. I think there was a notice filed before that. Sorry, I didn't mean to mislead the court. Thank you, Your Honor. Thank you.
judges: Paul V. Niemeyer, Albert Diaz, Irene M. Keeley